## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMILY J. FULBRIGHT, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | 2021-CV-2191 |
| ) | |
| WATER SYSTEMS ENGINEERING, ) | |
| INC., ) | |
|       Defendant. ) | |
| ) | |

## COMPLAINT

The plaintiff, Emily J. Fulbright, states and alleges the following claims for relief against the defendant, Water Systems Engineering, Inc.

## JURISDICTION AND VENUE

1. This is an employment case based on, and arising under, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

2. This court has subject matter jurisdiction over the plaintiff claims pursuant to 28 U.S.C. § 1331. The plaintiff's claims were included in a timely administrative charge filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter to the plaintiff regarding these claims, and this action was filed within 90 days after receipt of the right-to-sue letter by the plaintiff.

3. All of the wrongful acts and practices alleged below are committed within the state of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b)-(c).

## PARTIES

4. The plaintiff, Emily J. Fulbright, is female, and she resides in Antonito, Colorado. Ms. Fulbright was formerly employed by the defendant.

5. The defendant, Water Systems Engineering, Inc. ("WSE"), is a corporation with its principal place of business in Ottawa, Kansas. WSE provides investigative and remediation services for water use systems.

## FACTUAL ALLEGATIONS

6. On or about May 7, 2018, Ms. Fulbright was hired by WSE to serve in the position of Office Manager. She was supervised by Mike Schnieders, who is the President of WSE.

7. Beginning in May of 2018, and continuing throughout all of her employment with WSE, Ms. Fulbright was subjected to sexist comments by John Schnieders, who is the founder and Vice President of WSE, and also the father of Mike Schnieders. These sexist comments by John Schnieders related to the ability (or inability) of women to do their jobs, and to advance in their careers. For example, John Schnieders commented that "women belong at home with their kids or grandkids;" and that "it is odd to see women in [WSE's] lab because women can't do that type of work."

8. Ms. Fulbright was offended by these sexist comments by John Schnieders, and she complained to Mike Schnieders about the comments several times. However, Mike Schnieders failed to take reasonable remedial action to address the sexist comments.

9. Beginning in the summer of 2018, and continuing throughout all of her employment with WSE, Ms. Fulbright was also subjected to sexually-charged conduct and comments by Elvin Currant, who was a maintenance employee of WSE. For example, Mr. Currant often attempted to hug Ms. Fulbright, and other female employees of WSE, against their will. In addition, Mr. Currant often brought his personal computer to WSE, where he would view pornographic websites.

10. Ms. Fulbright was offended by Mr. Currant's conduct, and she complained to Mike Schnieders about Mr. Currant's conduct multiple times. However, Mike Schnieders failed to take reasonable remedial action to address Mr. Currant's offensive conduct.

11. On or about January 1, 2019, Ms. Fulbright was promoted to the position of General Manager of WSE. In her new position, Ms. Fulbright assisted Mike Schnieders in conducting the annual performance evaluations of WSE's employees. In connection with one of these annual performance evaluations in March of 2019, Mike Schnieders repeatedly attempted to hug Ms. Fulbright. She told him that she did not want to be hugged, and she climbed onto her desk to avoid the unwanted embrace.

12. In her own performance evaluation in March of 2019, Ms. Fulbright was rated as "excellent" by Mike Schnieders. In light of her evaluation, Ms. Fulbright asked Mike Schnieders for a raise in her salary, to be effective upon completion of her master's degree. Mike Schnieders refused her request for a raise in salary, commenting: "If a male employee asked for a raise, I could understand that and respect it because he has a family to support."

13. On May 6, 2019, Ms. Fulbright was terminated from her employment with WSE by Mike Schnieders. Ms. Fulbright's termination was based upon false and pretextual reasons.

14. On or about May 24, 2019, Ms. Fulbright filed an administrative charge against WSE with the Kansas Human Rights Commission ("KHRC"), asserting that she had been subjected to harassment and discrimination because of her sex, and that she had been retaliated against because of her opposition to sex discrimination.

15. On or about June 2, 2019, Ms. Fulbright filed a claim for unemployment benefits with the Kansas Department of Labor ("KDOL"). WSE opposed Ms. Fulbright's claim for unemployment benefits.

16. On September 3, 2019, the KDOL held an administrative hearing in regard to Ms. Fulbright's claim for unemployment benefits. During this hearing, WSE presented false and pretextual reasons for terminating Ms. Fulbright.

## COUNT I:  HOSTILE WORK ENVIRONMENT

17. The above paragraphs 1-16 are incorporated herein by reference.

18. Throughout all of her employment with WSE, in violation of Title VII, Ms. Fulbright was subjected to sex-based offensive conduct and comments by Mr. Currant, and by John and Mike Schnieders. This offensive conduct and commentary created an intimidating, hostile, and offensive work environment for Ms. Fulbright.

19. Ms. Fulbright complained to Mike Schneider's about the offensive conduct and commentary. However, Mike Schnieders failed to take reasonable action to address the hostile work environment to which Ms. Fulbright was subjected.

20. As a result of the sexually hostile work environment to which she was subjected, Ms. Fulbright has suffered damages in the form of emotional distress, mental anguish, and loss of enjoyment of life.

21. In subjecting Ms. Fulbright to a sexually hostile work environment, WSE acted with malice or with reckless indifference to Ms. Fulbright's federally protected rights. Consequently, WSE is liable for punitive damages.

Wherefore, Ms. Fulbright prays for judgment against WSE for damages in excess of $100,000.00, consisting of emotional distress, mental anguish, loss of enjoyment of life, and punitive damages, plus attorney fees, prejudgment interest, and litigation costs.

## COUNT II:  SEX DISCRIMINATION

22. The above paragraphs 1-16 are incorporated herein by reference.

23. Ms. Fulbright, in violation of Title VII, was discriminated against on the basis of her sex by WSE. Specifically, because of her sex, Ms. Fulbright was denied a raise in her salary in March of 2019, and she was terminated from her employment on May 6, 2019.

24. As a result of the sex discrimination to which she was subjected, Ms. Fulbright has suffered damages in the form of loss of compensation, emotional distress, mental anguish, and loss of enjoyment of life.

25. In discriminating against Ms. Fulbright because of her sex, WSE acted with malice or with reckless indifference to Ms. Fulbright's federally protected rights. Consequently, WSE is liable for punitive damages.

Wherefore, Ms. Fulbright prays for judgment against WSE for damages in excess of $100,000.00, consisting of loss of compensation, emotional distress, mental anguish, loss of enjoyment of life, and punitive damages, plus attorney fees, prejudgment interest, and litigation costs.

### III.  RETALIATION

26. The above paragraphs 1-25 are incorporated herein by reference.

27. Ms. Fulbright engaged in protected activities under Title VII by opposing what she in good faith believed to be sex discrimination, and by filing an administrative charge with the KHRC.

28. WSE, in violation of Title VII, retaliated against Ms. Fulbright for engaging in protected activities. Specifically, WSE retaliated against Ms. Fulbright by denying her a raise in salary, by terminating her from employment, and by opposing her claim for unemployment benefits.

29. As a result of the retaliation to which she was subjected, Ms. Fulbright has suffered damages in the form of loss of compensation, emotional distress, mental anguish, and loss of enjoyment of life.

30. In retaliating against Ms. Fulbright, WSE acted with malice or with reckless indifference to Ms. Fulbright's federally protected rights. Consequently, WSE is liable for punitive damages.

Wherefore, Ms. Fulbright prays for judgment against WSE for damages in excess of $100,000.00, consisting of loss of compensation, emotional distress, mental anguish,

loss of enjoyment of life, and punitive damages, plus attorney fees, prejudgment interest, and litigation cost.

    Respectfully Submitted,


    SLOAN, EISENBARTH, GLASSMAN
    McENTIRE & JARBOE, L.L.C.

    BY: s/Alan V. Johnson
        Alan V. Johnson, KS #9992
        ajohnson@sloanlawfirm.com
        1000 Bank of America Tower
        534 South Kansas Avenue
        Topeka, Kansas 66603-3456
        785-357-6311
        785-357-0152 facsimile
        Attorneys for Plaintiff

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. Pro. 38, the plaintiff requests a trial by jury on all claims triable to a jury.

                        Respectfully Submitted,

                        SLOAN, EISENBARTH, GLASSMAN
                        McENTIRE & JARBOE, L.L.C.

                        BY:   s/Alan V. Johnson
                              Alan V. Johnson, KS #9992
                              ajohnson@sloanlawfirm.com
                              1000 Bank of America Tower
                              534 South Kansas Avenue
                              Topeka, Kansas 66603-3456
                              785-357-6311
                              785-357-0152 facsimile
                              Attorneys for Plaintiff

## DESIGNATION OF PLACE OF TRIAL

The plaintiff requests that Kansas City, Kansas, be designated as the place of trial in the above-captioned matter.

Respectfully Submitted,

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY:  s/Alan V. Johnson
     Alan V. Johnson, KS #9992
     ajohnson@sloanlawfirm.com
     1000 Bank of America Tower
     534 South Kansas Avenue
     Topeka, Kansas 66603-3456
     785-357-6311
     785-357-0152 facsimile
     Attorneys for Plaintiffs