**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| EMILY J. FULBRIGHT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 2021-CV-2191 |
| | ) | |
| WATER SYSTEMS ENGINEERING, | ) | |
| INC., | ) | |
|     Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MOTION TO DISMISS**

The defendant, Water Systems Engineering, Inc. ("WSE"), has filed a motion to dismiss all of the claims asserted by the plaintiff, Emily Fulbright. WSE contends, pursuant to Fed. Rule Civ. Pro. 12(b)(6), that all of Ms. Fulbright's claims are time-barred. (Doc. #7 at pp. 4-8) In support of this contention, WSE relies upon matters outside the pleadings. (Doc. #7-1)

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under rule 56." As the Tenth Circuit explained in <u>Utah Gospel Mission v. Salt Lake City Corp</u>., 425 F.3d 1249 (10th Cir. 2005):

> Generally, a district court must convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are relied upon. [Citations omitted.] A motion to dismiss considers the conduct alleged in the complaint, whereas a motion for summary judgment considers the

>evidence (or lack thereof) upon which the allegations are based.

425 F.3d at 1253.  See also <u>Prager v. LaFaver</u>, 180 F.3d 1185, 1189 (10th Cir. 1999); <u>Helmstetter v. Jpmorgan Chase Bank, N.A.</u>, 2020 U.S. Dist. LEXIS 55263 (D. Kan. 2020).  WSE's motion must be treated as one for summary judgment, and for the reasons discussed below, the motion must be denied.

## STATEMENT OF FACTS

Pursuant to D. Kan. Rule 56.1, Ms. Fulbright will first respond to the facts set forth in WSE's memorandum in support of its motion to dismiss.  Ms. Fulbright will then set forth additional facts which, together with the facts set forth by WSE, preclude summary judgment.

### A. Facts Set Forth By WSE

1.-2.    Uncontroverted.

3.-5.    Uncontroverted but must be supplemented. See Statement of Facts below at nos. 12-20.

6.    Uncontroverted but must be supplemented.  See Statement of Facts below at nos. 18-21.

7.-8.    Uncontroverted.

9.    Uncontroverted but must be supplemented.  See Statement of Facts below at nos. 18-21.

10.-11.  Uncontroverted.

### B. Additional Facts

12. On or about May 24, 2019, Ms. Fulbright filed a charge of sex discrimination against Water Systems Engineering, Inc., with the Kansas Human Rights Commission ("KHRC"). This charge listed her residential address as 4336 Pawnee Rd., Wellsville, Kansas. (E. Fulbright's declar. at ¶ 2, included in plaintiff's appendix in opposition to the motion to dismiss ["plt. append."])

13. On or about May 28, 2019, Ms. Fulbright received a copy of a Notice of Charge of Discrimination from the Equal Employment Opportunity Commission ("EEOC") directed to Water Systems Engineering, Inc. This Notice stated that her charge of employment discrimination had been received by the KHRC, and sent to the EEOC for dual filing. This notice further stated:

> As a party to the charge, you may request the EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing in 15 days of your receipt of the Agency's final decision and order.

(E. Fulbright declar. at ¶ 3 and Exhibit 1, included in plt. append.)

14. During the summer of 2019, Ms. Fulbright moved her residence from Wellsville, Kansas, to Antonito, Colorado. (E. Fulbright declar. at ¶ 4. included in plt. append.)

15. On October 5, 2020, Ms. Fulbright sent an email inquiring about the status of her charge of discrimination to Holly King, an employee of the KHRC who had been assigned to investigate her charge. On the same day, Ms. King sent a reply email back to Ms. Fulbright, stating in relevant part:

3

> My supervisor has reviewed the investigation of your case and approved the investigation on September 21, 2020. Therefore, your case is either with a KHRC Commissioner for final determination or is with KHRC Administrative Staff who will prepare the determination letter and documentation to send to you. The KHRC is currently short staffed and due to Covid-19 we are all working staggered shifts in the office so I know the determination letters are taking a little longer to mail out than normal.

(E. Fulbright declar. at ¶ 5 and Exhibit 2, included in plt. append.)

16. Also on October 5, 2020, Ms. Fulbright sent a reply email to Ms. King, stating relevant part:

> My address has changed since this process began. Could you direct me toward a contact number to provide my updated address to them?

On the same day, Ms. King sent another reply email to Ms. Fulbright, stating:

> You can email me your new address and I will pass it on to the administrative staff. If your notification has already been mailed out, it may take some time to get your address changed and a new notification sent out to you.

On the same day, Ms. Fulbright sent another reply email to Ms. King, stating:

> Thank you!  Please use this for my mailing address at this time.
>
> Emily Fulbright
> 34127 State Highway 17
> Antonito, Colorado 81120

(E. Fulbright declar. at ¶ 6 and Exhibit 2, included in plt. append.)

17. On November 10, 2020, Ms. Fulbright sent another email to Ms. King, again inquiring about the status of her charge of discrimination. This email stated in relevant part:

4

> Just wanted to reach out as I've not received my determination as of yet and I'm wondering if by chance got mailed prior to the address change.

Later that same day, Ms. King sent a reply email back to Ms. Fulbright, stating:

> It was mailed to your old address because KHRC administrative staff mailed it out prior to you informing me that you have a new mailing address. I have pulled your case file but because I am only in the KHRC office 1 day a week and with the KHRC being short staffed due to the resignation of 3 investigators and the death of another one, I have been unable to mail it out to you. As soon as I am able to do so, I will get it sent to your new address.

On November 11, 2020, Ms. Fulbright sent a reply email back to Ms. King, stating in relevant part:

> If it's any easier sending it via email is fine by me. Whatever makes it easier for you. Either way, I'll keep an eye out for it. Thanks again!

(E. Fulbright declar. at ¶ 7 and Exhibit 3, included in plt. append.)

   18.   On January 21, 2021, Ms. Fulbright received an email from another employee of the KHRC, Katie Price, which stated:

> Please find attached the requested closure documents from your complaint with the [KHRC]. If you have any questions, please don't hesitate to let me know.

Included in the documents attached to Ms. Price's email was a letter addressed to Ms. Fulbright at her former address in Wellsville, Kansas. This letter was dated October 1, 2020, and it stated in relevant part:

> This is to notify you that the Kansas Human Rights Commission has completed its investigation in the above captioned complaint. After a review of the facts, the Investigating Commissioner made a determination of No

5

> Probable Cause. A No Probable Cause determination means that the available evidence did not support the allegations in your complaint. A copy of the Investigative Case Summary is enclosed for your information.
>
> . . . .
>
> As your charged was filed under Title VII of the Civil Rights Act and/or The Age Discrimination in Employment Act, which is/are enforced by the Equal Employment Opportunity Commission (EEOC), you have the right to request EEOC review of this action. To secure a review, you must request it in writing, within 15 days of your receipt of this letter, to Equal Employment Opportunity Commission. . . . [T]he request can be sent by email to joseph.wilson@eeoc.gov.

(E. Fulbright declar. at ¶ 8 and Exhibit 4, included in plt. append.)

      19.    Shortly thereafter, on January 25, 2021, Ms. Fulbright sent an email to Joseph Wilson, an employee of the EEOC. This was the first time that Ms. Fulbright had ever initiated any communication with the EEOC. This email stated in relevant part:

> My name is Emily Fulbright. I would like to make a timely request for a review of action for KHRC claim number 41178-19.
>
> Please note:
> Should the timely requirement of this request be in question, I ask you to consider the following: Although the date of this decision letter is October 1, 2020, the body of the letter states my request must be made within '15 days of your receipt of this letter.' <u>I received this decision letter, for the first and only time, on Thursday, January 21, 2021 at 10:30 a.m. via email.</u> I did make multiple attempts to retrieve the documents prior to this date but those attempts were unsuccessful.

(Emphasis added. E. Fulbright declar. at ¶ 9 and Exhibit 5, included in plt. append.)

      20.    On January 28, 2021, Mr. Wilson sent a reply email back to Ms. Fulbright, stating in relevant part:

6

> Your case has been reviewed by the Equal Employment Opportunity Commission (EEOC) and we concur with the Kansas Human Rights Commission's findings. The Dismissal and Notice of Right to Sue issued by the EEOC on November 17, 2020, will stand as the document closing the above referenced cases. I have attached a copy of the Notice for your reference. The Notice provides you with the opportunity to pursue your case in federal district court, should you disagree with EEOC's determination. Should you decide to pursue your case in federal court, you must do so within 90 days from your receipt of the notice of right to sue.

(E. Fulbright declar. at ¶ 10 and Exhibit 5, included in plt. append.)

21.  The Notice of Right to Sue issued by the EEOC is addressed to Ms. Fulbright at her address in Wellsville, Kansas, and it is dated November 17, 2020.  (Doc. #7-1)  Ms. Fulbright did not actually receive this Notice until January 28, 2021, when Mr. Wilson emailed it to her.  (E. Fulbright declar. at ¶ 11)

## ARGUMENTS AND AUTHORITIES

Title VII requires a plaintiff claiming discrimination in employment to file his or her complaint within ninety days of receipt of a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1).  "The ninety-day limit begins to run on the date the complainant <u>actually receives</u> the EEOC right-to-sue notice, making that date a material fact."  <u>Calvert v. Roadway Express, Inc.</u>, 32 Fed. Appx. 510, 512 (10th Cir. 2002), quoting <u>Witt v. Roadway Express</u>, 136 F.3d 1424, 1429 (10th Cir. 1998).  Emphasis added.

Here, it is uncontroverted that Ms. Fulbright did not  "actually receive" the EEOC right-to-sue notice until January 28, 2021.  (Statement of Facts above at nos. 20-21)  Ms. Fulbright filed this action 89 days later on April 27, 2021.  (Statement of Facts above at no. 11)  Consequently, Ms.  Fulbright's Title VII claims are timely under the "actual

7

receipt" rule established by the Tenth Circuit in Witt v. Roadway Express, 136 F.3d at 1429.

However, in Panicker v. Compass Group U.S.A. Inc., 712 Fed. Appx. 784, 786 (10th Cir. 2017), the Tenth Circuit held that "an aggrieved person cannot escape the consequences of nonreceipt when the failure to receive a right-to-sue letter is his own fault." The Tenth Circuit went on to explain:

> [A] Title VII 'plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.' [Million v. Frank, 47 F.3d 385, 388 (10th Cir. 1995)]; cf. St. Louis v. Alverno Coll., 744 F.2d 1314, 1317 (7th Cir. 1984) ('[c]laimants who do not receive actual knowledge of their right-to-sue letter through no fault of their own should not be penalized.' (Emphasis added)).

712 Fed. Appx. at 788.

Here, a genuine issue of material fact exists as to whether Ms. Fulbright did not receive actual knowledge of her right-to-sue letter from the EEOC until January 28, 2021, "through no fault of [her] own." Panicker, 712 Fed. Appx. at 788. Significantly, Ms. Fulbright initially filed her charge of discrimination against WSE with the KHRC, and not with the EEOC. (Statement of Facts above at no. 12) on May 28, 2019, Ms. Fulbright received a Notice from the EEOC, stating that her charge had been dual filed with the EEOC, and further that:

> As a party to the charge, you may request the EEOC review the final findings and orders of the above-named agency [the KHRC]. For such a request to be honored, you must notify EEOC in writing in 15 days of your receipt of the Agency's final decision and order.

8

(Statement of Facts above at no. 13.  Emphasis added.)

On October 5, 2020, Ms. Fulbright sent an email inquiring about the status of her charge of discrimination to Ms. King, an employee of the KHRC who had been assigned to investigate her charge.  (Statement of Facts above at nos. 14-15)  On the same day, Ms. Fulbright also informed Ms. King by email that her address had changed, and she asked Ms. King how to provide her new address to the KHRC.  (Statement of Facts above at no. 16)  Ms. King replied:  "You can email me your new address and I will pass it on to the administrative staff."  (Statement of Facts above at no. 16)  Ms. Fulbright then promptly emailed her new address to Ms. King.  (Statement of Facts above at no. 16)

On November 10, 2020, Ms. Fulbright sent another email to Ms. King, again inquiring about the status of her charge of discrimination.  (Statement of Facts above at no. 17)  Ms. King replied the same day by email, saying:

> It [the KHRC's determination] was mailed to your old address because KHRC administrative staff mailed it out prior to you informing me that you had a new mailing address. . . .  As soon as I am able to do so, I will get it sent to your new address.

(Statement of Facts above at no. 17)

Ms. Fulbright did not actually receive the KHRC's determination until January 21, 2021, when another employee of the KHRC (not Ms. Price) finally emailed the determination to her.  (Statement of Facts above at no. 18)  The cover letter to the KHRC's determination stated in relevant part:

> As your charged was filed under Title VII of the Civil Rights Act and/or The Age Discrimination in Employment Act, which is/are enforced by the Equal Employment Opportunity

9

> Commission (EEOC), you have the right to request EEOC review of this action.  <u>To secure a review, you must request it in writing, within 15 days of your receipt of this letter</u>, to Equal Employment Opportunity Commission. . . .   [T]he request can be sent by email to <u>joseph.wilson@eeoc.gov</u>.

(Statement of Facts above at no. 18)

This statement from the KHRC - - that in order to secure a review by the EEOC of the KHRC's determination, Ms. Fulbright needed to "request it in writing, within 15 days" - - was consistent with the Notice which Ms. Fulbright had received from the EEOC itself on May 28, 2019.  (Statement of Facts at no. 13)  In compliance with the KHRC's statement, and the EEOC's Notice, Ms. Fulbright requested a review by the EEOC of the KHRC's determination on January 25, 2021, by sending an email to Mr. Wilson, an employee of the EEOC.  (Statement of Facts above at no. 19)

On January 28, 2021, Mr. Wilson sent a reply email back to Ms. Fulbright, advising her in relevant part:

> Your case has been reviewed by the . . . EEOC and we concur with the [KHRC's] findings. The Dismissal and Notice of Right to Sue issued by the EEOC on November 17, 2021, will stand as the document closing the above referenced cases. . . . Should you decide to pursue your case in federal court, you must do so within 90 days <u>from your receipt</u> of he notice of right to sue.

(Statement of Facts above at no. 20.  Emphasis added.)

Significantly, Ms. Fulbright never requested the EEOC to review the KHRC's determination prior to January 25, 2021.  (Statement of Facts above at no. 19)  Therefore, it is unclear on what basis, and on what authority, the EEOC issued its Notice of Right to Sue on November 17, 2020.  In any event, Ms. Fulbright did not <u>actually receive</u> the

10

EEOC's right-to-sue notice until January 28, 2021, when Mr. Wilson emailed it to her. (Statement of Facts above at no. 21)

Based on the above facts, a reasonable jury could find that Ms. Fulbright did not receive actual knowledge of her right-to-sue letter from the EEOC until January 28, 2021, "through no fault of [her] own."  Panicker, 712 Fed. Appx. at 788.  In other words, a reasonable jury could find that Ms. Fulbright did, in fact, "assume some minimum responsibility [herself] for an orderly and expeditious resolution of [her] dispute." Panicker, 712 Fed. Appx. at 788.

## CONCLUSION

For the reasons discussed above, the WSE's motion to dismiss must be denied in its entirety.

Respectfully submitted,

/s/ Alan V. Johnson
Alan V. Johnson, KS #9992
Sloan, Eisenbarth, Glassman,
  McEntire & Jarboe, L.L.C.
534 S. Kansas Ave, Suite 1000
Topeka, Kansas 66603
Telephone    (785) 357-6311
Fax              (785) 357-0152
ajohnson@sloanlawfirm.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 29th day of June, 2021, I delivered a copy of the foregoing document via electronic mail to the following parties:

  Vincent M. Cox
  CAVANAUGH, BIGGS & LEMON, P.A.
  3200 SW Huntoon
  Topeka, KS 66604
  vcox@cavlem.com
  *Attorneys For Defendant*

            /s/ Alan V. Johnson
            Alan V. Johnson, KS #9992
            Sloan, Eisenbarth, Glassman,
             McEntire & Jarboe, L.L.C.
            534 S. Kansas Ave, Suite 1000
            Topeka, Kansas 66603
            Telephone (785) 357-6311
            Fax   (785) 357-0152
            ajohnson@sloanlawfirm.com