IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EMILY J. FULBRIGHT,**

    **Plaintiff,**

v.

**WATER SYSTEMS ENGINEERING, INC.,**

    **Defendant.**

Case No. 21-2191-DDC-TJJ

**MEMORANDUM AND ORDER**

    Plaintiff Emily J. Fulbright brings this lawsuit against her former employer, defendant Water Systems Engineering, Inc. She alleges sexual harassment, sex discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e-17. *See generally* Doc. 1. Defendant has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 6). Defendant's motion asks the court to dismiss plaintiff's lawsuit as untimely. Plaintiff's suit is time-barred, defendant argues, because plaintiff failed to file this action within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). For reasons explained below, the court agrees. Plaintiff's lawsuit is time-barred. Thus, the court grants defendant's Motion to Dismiss (Doc. 6), which the court converts to a Motion for Summary Judgment. The court explains why, below.

    **I.    Procedural Background**

    On May 24, 2019, plaintiff filed a charge of discrimination with Kansas Human Rights Commission ("KHRC"). Doc. 1 at 4 (Compl. ¶ 14). It alleged that defendant subjected plaintiff to sexual harassment and sex discrimination during her employment. *Id.* Also, it alleged that defendant had retaliated against plaintiff because she had opposed sex discrimination. *Id.*

In addition to filing her KHRC charge of discrimination, plaintiff also filed "a timely administrative charge" with the EEOC. *Id.* at 1 (Compl. ¶ 2). Plaintiff alleges that the "EEOC issued a right-to-sue letter to" plaintiff and that she filed "this action . . . within 90 days after [her] receipt of the right-to-sue letter[.]" *Id.*

Defendant has attached the EEOC's right-to-sue letter as an exhibit to its Motion to Dismiss. *See* Doc. 7-1 (EEOC's "Dismissal and Notice of Rights"). The right-to-sue letter states that the EEOC mailed the letter to plaintiff on November 17, 2020. *Id.* at 1. Also, the letter provides: "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." *Id.*

Plaintiff doesn't dispute the contents of the right-to-sue letter. But, her response to defendant's motion argues that the court can't consider the right-to-sue letter on a Rule 12(b)(6) motion because it is a "matter[ ] outside the pleadings[.]" Doc. 11 at 1. Instead, plaintiff argues, Rule 12(d) requires the court, when considering matters outside the pleadings, to convert the motion to one for summary judgment under Rule 56. *Id.*; *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Plaintiff then argues that the court should treat defendant's motion as one for summary judgment and deny the motion because a disputed question of fact exists whether plaintiff timely filed her lawsuit.

The court disagrees that it can't consider the right-to-sue letter on defendant's Rule 12(b)(6) motion. When evaluating a motion to dismiss under Rule 12(b)(6), the court may consider the complaint itself along with any attached exhibits and documents incorporated into it by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (first citing *Indus.*

2

*Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994); then citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); then citing *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007)). A court also "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).

Here, the Complaint refers to the right-to-sue letter that the EEOC issued to plaintiff. Doc. 1 at 1 (Compl. ¶ 2). The right-to-sue letter is central to plaintiff's claims, and the parties never dispute its authenticity. Thus, the court can consider the right-to-sue letter (Doc. 7-1) when evaluating the Motion to Dismiss without converting the motion to one for summary judgment.

But, plaintiff specifically asks the court to treat defendant's motion as one for summary judgment. Doc. 11 at 2. And in that vein, she has provided a statement of uncontroverted facts supported by exhibits she has attached to her Opposition to defendant's Motion to Dismiss. *See* Doc. 11 at 2–7; *see also* Doc. 12. These exhibits include her own Declaration. *See* Doc. 12 at 2–8. Defendant's Reply argues that the court should not treat plaintiff's motion as one for summary judgment. Doc. 14 at 2. But, defendant asserts, even if the court accepts plaintiff's additional facts as true for purposes of the pending motion, *id.* at 4, and it treats that motion as one for summary judgment, *id.* at 9, plaintiff fails to present any genuine issue of material fact on the decisive issue, *i.e.*, whether she timely filed her lawsuit, *id*. For reasons explained below, the court agrees with defendant. But, to reach that conclusion, the court must consider the additional materials plaintiff has submitted with her Opposition (Doc. 12). These materials

3

are matters outside the pleadings which the court can't consider unless it converts defendant's motion to one for summary judgment.

Rule 12(d) requires, when a court converts a Rule 12(b)(6) motion to a summary judgment motion, the court must give the "parties . . . a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (explaining that a court must "giv[e] proper notice to the parties" when it converts Rule 12(b)(6) motion to summary judgment motion). Here, plaintiff has submitted the materials outside the pleadings, and she is the party who has asked the court to convert the motion to one for summary judgment. Defendant has had the opportunity in its Reply to respond to plaintiff's materials, and indeed, its Reply explains why those additional materials don't preclude the court from concluding that no genuine issues of fact exist whether plaintiff timely filed her lawsuit.

On these procedural facts, the court concludes that both parties have had a reasonable opportunity to present all the material that is pertinent to the summary judgment motion, as Rule 12(d) requires. Also, the parties have received proper notice that the court might consider the motion as one for summary judgment. Under these circumstances, it's proper for the court to convert defendant's motion into one for summary judgment. *See Jones v. Midland Funding*, 656 F. App'x 913, 915 (10th Cir. 2016) (affirming trial court's conversion of motion to dismiss into one for summary judgment because the non-moving plaintiff "himself filed materials outside the pleadings in response to the motion to dismiss and therefore cannot now claim conversion was unfair or a surprise"); *see also Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996) ("Because [the non-movant] submitted material beyond the pleadings in opposition to defendants' motion, he is scarcely in a position to claim unfair surprise or

4

inequity."); *Nazar v. Wolpoff & Abramson, LLP*, 530 F. Supp. 2d 1161, 1166 (D. Kan. 2008) (Lungstrum, J.) (converting a motion to dismiss into a motion for summary judgment because plaintiff's response brief attached documents that were "helpful to a more thorough understanding of the nature of the underlying arbitration proceedings" and the "submissions of [this] evidentiary material . . . constitutes sufficient notice" that the court would treat the motion as one for summary judgment). Consequently, the court elects to exercise its discretion and converts defendant's Motion to Dismiss into one for summary judgment under Rule 56. Consistent with this decision, the court will consider plaintiff's attached exhibits when resolving the motion.

## II. Uncontroverted Facts

The following facts are uncontroverted, or, if controverted, are stated in the light most favorable to plaintiff as the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Plaintiff worked for defendant from May 7, 2018 to May 6, 2019, when defendant terminated her employment. Doc. 1 at 2, 4 (Compl. ¶¶ 6, 13). On May 24, 2019, plaintiff filed a charge of discrimination with KHRC. *Id.* at 4 (Compl. ¶ 14); *see also* Doc. 12 at 2 (Pl.'s Decl. ¶ 2). Plaintiff's KHRC charge listed her residential address at a specific street address in Wellsville, Kansas. Doc. 12 at 2 (Pl.'s Decl. ¶ 2).

On May 28, 2019, plaintiff received a copy of a Notice of Charge of Discrimination from the EEOC directed to defendant. *Id.* at 2–3 (Pl.'s Decl. ¶ 3). The Notice stated that the KHRC had received plaintiff's charge of discrimination and it had sent plaintiff's charge on to the EEOC for dual filing. *Id.*; *see also id.* at 9 (Pl.'s Decl. Ex. 1). Also, this Notice stated:

> As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order.

*Id.* at 9 (Pl.'s Decl. Ex. 1).

In the summer of 2019, plaintiff moved from Wellsville, Kansas, to Antonito, Colorado. *Id.* at 3 (Pl.'s Decl. ¶ 4). More than a year after moving from Kansas, on October 5, 2020, plaintiff sent an email to the KHRC to ask about the status of her charge. *Id.* (Pl.'s Decl. ¶ 5); *see also id.* at 11–12 (Pl.'s Decl. Ex. 2). That same day, the KHRC investigator assigned to plaintiff's charge provided this response:

> My supervisor has reviewed the investigation of your case and approved the investigation on September 21, 2020. Therefore, your case is either with a KHRC Commissioner for final determination or is with KHRC Administrative Staff who will prepare the determination letter and documentation to send to you. The KHRC is currently short staffed and due to Covid-19 we are all working staggered shifts in the office so I know the determination letters are taking a little longer to mail out than normal.

*Id.* at 3 (Pl.'s Decl. ¶ 5); *see also id.* at 11 (Pl.'s Decl. Ex. 2). Also on October 5, 2020, plaintiff responded to the investigator and notified the KHRC—for the first time—that her address had changed since she filed her charge. *Id.* at 3–4 (Pl.'s Decl. ¶ 6); *see also id.* at 10–11 (Pl.'s Decl. Ex. 2). The KHRC investigator responded to plaintiff: "You can email me your new address and I will pass it on to the administrative staff. If your notification has already been mailed out, it may take some time to get your address changed and a new notification sent out to you." *Id.* at 4 (Pl.'s Decl. ¶ 6); *see also id.* at 10 (Pl.'s Decl. Ex. 2). In response, plaintiff sent another email on October 5, 2020. *Id.* at 4 (Pl.'s Decl. ¶ 6); *see also id.* at 10 (Pl.'s Decl. Ex. 2). It provided the KHRC investigator her new address in Colorado. *Id.*

On November 10, 2020, plaintiff sent another email to the KHRC investigator to inquire about the status of her charge. *Id.* at 4 (Pl.'s Decl. ¶ 7); *see also id.* at 14 (Pl.'s Decl. Ex. 3). That same day, the KHRC investigator responded that the KHRC had mailed a determination to plaintiff's "old address because KHRC administrative staff mailed it out prior to [plaintiff]

6

informing [the KHRC investigator] that [plaintiff had] a new mailing address." *Id.* at 4 (Pl.'s Decl. ¶ 7); *see also id.* at 13 (Pl.'s Decl. Ex. 3). Plaintiff sent a reply email on November 11, 2020. *Id.* at 5 (Pl.'s Decl. ¶ 7); *see also id.* at 13 (Pl.'s Decl. Ex. 3). It suggested to the KHRC investigator that she could email the determination to plaintiff, if that was easier than mailing it to her. *Id.*

On January 21, 2021, plaintiff received an email from another KHRC employee. *Id.* at 5 (Pl.'s Decl. ¶ 8); *see also id.* at 15–16 (Pl.'s Decl. Ex. 4). It advised that "attached" to the email was "the requested closure documents from [plaintiff's] complaint with the [KHRC]." *Id.* at 5 (Pl.'s Decl. ¶ 8); *see also id.* at 15 (Pl.'s Decl. Ex. 4). The attached letter was dated October 1, 2020, and the KHRC had sent it to plaintiff's old address in Wellsville, Kansas. *Id.* at 16 (Pl.'s Decl. Ex. 4). The October 1 letter stated in relevant part:

> This is to notify you that the Kansas Human Rights Commission has completed its investigation in the above captioned complaint. After a review of the facts, the Investigating Commissioner made a determination of No Probable Cause. A No Probable Cause determination means that the available evidence did not support the allegations in your complaint. A copy of the Investigative Case Summary is enclosed for your information.
>
> . . .
>
> As your charge was filed under Title VII of the Civil Rights Act and/or The Age Discrimination in Employment Act, which is/are enforced by the Equal Employment Opportunity Commission (EEOC), you have the right to request EEOC review of this action. To secure a review, you must request it in writing, within 15 days of your receipt of this letter, to Equal Employment Opportunity Commission. . . . [T]he request can be sent by e-mail to joseph.wilson@eeoc.gov.

*Id.* at 16 (Pl.'s Decl. Ex. 4).

Four days later, on January 25, 2021, plaintiff sent an email to Joseph Wilson at the EEOC. *Id.* at 6 (Pl.'s Decl. ¶ 9); *see also id.* at 18 (Pl.'s Decl. Ex. 5). Plaintiff concedes that this "was the first time that [she] had ever initiated any communication with the EEOC." *Id.* at 6

7

(Pl.'s Decl. ¶ 9). Plaintiff's email to the EEOC stated that she was writing "to make a timely request for a review of action for KHRC claim number 41178-19." *Id.* at 6 (Pl.'s Decl. ¶ 9); *see also id.* at 18 (Pl.'s Decl. Ex. 5). The email also stated:

> Please note:
> Should the timely requirement of this request be in question, I ask you to consider the following: Although the date of this decision letter is October 1, 2020, the body of the letter states my request must be made within '15 days of your receipt of this letter.' I received this decision letter, for the first and only time, on Thursday, January 21, 2021 at 10:30 a.m. via email. I did make multiple attempts to retrieve the documents prior to this date but those attempts were unsuccessful.

*Id.* at 6 (Pl.'s Decl. ¶ 9); *see also id.* at 18 (Pl.'s Decl. Ex. 5).

On January 28, 2021, Joseph Wilson replied to plaintiff's email *Id.* at 6 (Pl.'s Decl. ¶ 10); *see also id.* at 17 (Pl.'s Decl. Ex. 5). He informed her in relevant part:

> Your case has been reviewed by the Equal Employment Opportunity Commission (EEOC) and we concur with the Kansas Human Rights Commission's findings. The Dismissal and Notice of Right to Sue issued by the EEOC on November 17, 2020, will stand as the document closing the above referenced cases. I have attached a copy of the Notice for your reference. The Notice provides you with the opportunity to pursue your case in federal district court, should you disagree with EEOC's determination. Should you decide to pursue your case in federal court, you must do so within 90 days from your receipt of the notice of right to sue.

*Id.* at 6–7 (Pl.'s Decl. ¶ 10); *see also id.* at 17 (Pl.'s Decl. Ex. 5).

Plaintiff concedes that the "Notice of Right to Sue issued by the EEOC is addressed to [plaintiff] at [her] address in Wellsville, Kansas, and it is dated November 17, 2020." *Id.* at 7 (Pl.'s Decl.) (citing Doc. 7-1). But, plaintiff asserts that she "did not actually receive this Notice until January 28, 2021, when Mr. Wilson emailed it to" her. *Id.*

### III. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute [about] any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the court views the evidence and

draws inferences in the light most favorable to the non-moving party.  *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citing *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1245–46 (10th Cir. 2010)).

A summary judgment movant bears "'both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.'"  *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)).  To meet this burden, the moving party "'need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.'"  *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial [for] those dispositive matters for which it carries the burden of proof.'"  *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citation omitted).

Summary judgment is not a "disfavored procedural shortcut."  *Celotex*, 477 U.S. at 327.  Instead, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Id.* (quoting Fed. R. Civ. P. 1).

## IV. Analysis

Defendant asserts that the court should dismiss plaintiff's Complaint because it is time-barred. A Title VII plaintiff must file her lawsuit within 90 days of receiving her right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1161 (10th Cir. 2018) (explaining that plaintiff's "'window' to sue closed" 90 days after the EEOC issued its right-to-sue letter); *Tadlock v. Marshall Cnty. HMA, LLC*, 603 F. App'x 693, 700 (10th Cir. 2015) ("If the claimant fails to file suit within 90 days, the claims alleged in the EEOC charge are foreclosed . . . .").

When the EEOC mails right-to-sue notices to Title VII claimants, "courts routinely apply a presumption of receipt[.]" *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001). And, our Circuit "implicitly [has] sanctioned applying either a five-day or a three-day presumption." *Id.* at 1165 (first citing *Witt v. Roadway Express*, 136 F.3d 1424, 1429–30 (10th Cir. 1998); then citing *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994)).

Title VII's 90 day filing requirement "'is not a jurisdictional prerequisite' but 'a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling.'" *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 785 (10th Cir. 2017) (quoting *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)); *see also Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (explaining that the equitable exceptions of waiver, estoppel, and equitable tolling apply to the 90-day window for filing a Title VII lawsuit). But courts "narrowly construe[]" these tolling exceptions. *Biester*, 77 F.3d at 1267. "Generally, equitable tolling is warranted only if the circumstances of the case 'rise to the level of active deception which might invoke the powers of equity.'" *Scott v. Boeing Co.*, 48 F. App'x 730, 732 (10th Cir. 2002) (quoting *Cottrell v. Newspaper Agency*

*Corp.*, 590 F.2d 836, 838–39 (10th Cir. 1979)). "For instance, equitable tolling may be appropriate where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) (quoting *Carlile v. S. Routt Sch. Dist. RE 3-J*, 652 F.2d 981, 986 (10th Cir. 1981)).

Here, plaintiff's right-to-sue letter states that the EEOC mailed the letter to plaintiff on November 17, 2020. Doc. 7-1. Plaintiff doesn't dispute that the letter contains this mailing date. Also, she doesn't dispute that the EEOC mailed the letter to her Wellsville, Kansas address—the address she provided to the KHRC when she filed her charge of discrimination. But, plaintiff asserts, she actually didn't *receive* the right-to-sue letter until January 28, 2021, when the EEOC sent it to her by email. Plaintiff filed this lawsuit on April 27, 2021 (Doc. 1), 89 days after the day she first received the right-to-sue letter, January 28, 2021. So, plaintiff argues, she filed her lawsuit within the 90-day filing requirement, and thus, it is timely.

Defendant disagrees with plaintiff's logic. Relying on the Tenth Circuit's *Panicker* decision, defendant argues that plaintiff "cannot escape the consequences of nonreceipt when the failure to receive a right-to-sue letter is [her] own fault." *Panicker*, 712 F. App'x at 786 (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (per curiam) ("Receipt is presumed when a complainant is unable to show that her failure to receive [a right-to-sue] letter was in no way her fault.")). Defendant asserts that it's plaintiff's fault that she didn't receive the right-to-sue letter until she emailed the EEOC in January 2021. As plaintiff concedes, she never informed the EEOC about her address change. And, she didn't notify the KHRC about her new address until more than a year after she had moved from Kansas to Colorado. Under these facts, defendant argues, plaintiff bears the fault for her not receiving the right-to-sue letter. And, as a consequence, defendant contends that the court shouldn't toll the 90-day filing

11

requirement by permitting plaintiff to use the January 28, 2021 date as the beginning of the 90-day limitations period.[1]

*Panicker* involved a pro se EEOC claimant who gave the EEOC "faulty information" by providing an incorrect street address as his mailing address. *Id.* at 787. The Circuit observed that the claimant "was obligated by regulation (as well as common sense) to give the EEOC his correct address." *Id.* (citing 29 C.F.R. § 1601.7(a)); *see also* 29 C.F.R. § 1601.7(a) ("The person making the charge . . . must provide the [EEOC] with the name and contact information of the person on whose behalf the charge is made."). And, thus, the Circuit held that the claimant plaintiff "must shoulder that blame" for providing the wrong address. *Id.*

Also, the Circuit refused to apply equitable tolling to save *Panicker*'s Title VII claim. The Circuit noted that "courts have declined to apply equitable tolling where the failure to receive a right-to-sue letter was due to the plaintiff's culpability in providing the EEOC with an incorrect address." *Id.* (citations omitted). Our Circuit has required a Title VII plaintiff to "'assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute[,]'" and, *Panicker* explained, "[e]nsuring that the EEOC has the correct mailing address is easily characterized as falling within such minimum responsibilities." *Id.* (first quoting *Million v. Frank*, 47 F.3d 385, 388 (10th Cir. 1995); then citing *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316 (7th Cir. 1984)). Because the *Panicker* plaintiff's failure to receive the right-to-sue letter "was attributable solely to him," the Circuit concluded that equitable tolling didn't

---

[1] Defendant also notes that plaintiff's January 28, 2021 receipt of the EEOC's right-to-sue letter still was within 90 days of the November 17, 2020 mailing date. Indeed, the court calculates that the EEOC's January 28, 2021 email was sent 72 days after it had mailed plaintiff the right-to-sue letter at her Kansas address on November 17, 2020. Defendant faults plaintiff for not "immediately act[ing] to file suit" when she received Mr. Wilson's January 28, 2021 email. Doc. 14 at 10. Because the court's analysis above considers plaintiff's fault in failing to receive the right-to-sue letter when the EEOC mailed it in November 2020—not her fault in waiting to file the Complaint in this case—the court's analysis doesn't consider this argument.

apply. *Id.* It thus held that the Complaint was untimely because plaintiff had filed it more than a year after the 90-day filing period had expired. *Id.*

Defendant asserts that *Panicker* "is factually similar to" the facts here. Doc. 14 at 5. And, defendant argues, *Panicker* supports a conclusion that plaintiff filed an untimely Complaint. The court agrees.

Here, plaintiff concedes that she filed her KHRC charge in May 2019, listing her residential address in Wellsville, Kansas. Doc. 12 at 2 (Pl.'s Decl. ¶ 2). She explains that she moved from Kansas to Colorado in the "summer of 2019," but then, she concedes, she waited more than a year—until October 5, 2020—to contact the KHRC about the status of her charge and advise that she had a new mailing address in Colorado. *Id.* at 3–4 (Pl.'s Decl. ¶¶ 4–6). And, plaintiff didn't contact the EEOC about her address change until January 25, 2021, when she emailed Joseph Wilson. *Id.* at 6 (Pl.'s Decl. ¶ 9).

As the Tenth Circuit noted in *Panicker*, 712 F. App'x at 787, EEOC regulations require a person making a charge of discrimination to "provide the [EEOC] with the name and contact information of the person on whose behalf the charge is made." 29 C.F.R. § 1601.7(a). Also, the EEOC's regulations explicitly impose on a person filing a charge "the responsibility to provide the [EEOC] with notice of any change in contact information so that the [EEOC] may communicate with him or her during the [EEOC's] consideration of the charge." 29 C.F.R. § 1601.7(b). To say it simply, plaintiff just failed to discharged this responsibility. And so, her failure to receive the EEOC right-to-sue letter when the EEOC mailed it to her Kansas address is "attributable solely to" her. *Panicker*, 712 F. App'x at 788. Thus, "equitable tolling does not apply" to make her Title VII claims timely. *Id.*

13

Plaintiff has a different view. She argues that these facts present a genuine issue whether her failure to receive the EEOC right-to-sue letter until January 28, 2021 was "through no fault of her own[.]" Doc. 11 at 11 (citation and internal quotation marks omitted). She questions the EEOC's authority to issue the right-to-sue letter, arguing that she "never requested the EEOC to review the KHRC's determination prior to January 25, 2021." *Id.* at 10. Instead, she argues, she filed her charge with the KHRC. *Id.* at 8. But also, she concedes that she received notice from the EEOC in May 2019, "stating that her charge had been dual filed with the EEOC[.]" *Id.*; *see also* Doc. 12 at 2–3 (Pl.'s Decl. ¶ 3) (describing EEOC Notice which "stated that [plaintiff's] charge of employment discrimination had been received by the KHRC, and sent to the EEOC for dual filing"). Yet, plaintiff didn't contact the EEOC to advise of her address change until January 25, 2021—almost a year and a half after she had moved from Kansas to Colorado in the summer of 2019. These facts present no genuine issue whether plaintiff "assume[d] some minimum responsibility [herself] for an orderly and expeditious resolution of [her] dispute." *Panicker*, 712 F. App'x at 788 (citation and internal quotation marks omitted). To the contrary, no reasonable jury could find on these summary judgment facts that plaintiff assumed the requisite "minimum responsibility" for resolving her KHRC and EEOC charges when she waited for more than a year before contacting either agency to advice of her address change. *Id.* (citation and internal quotation marks omitted). The court thus concludes that the summary judgment facts present no triable issue whether plaintiff timely filed her Complaint. She didn't.[2] As a consequence, the court grants summary judgment against all her Title VII claims because she asserted them on an untimely basis.

---

[2] Plaintiff never argues that any "active deception" occurred, thus implicating equitable tolling of the statute of limitations. *Scott v. Boeing Co.*, 48 F. App'x at 732 ("Generally, equitable tolling is warranted only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity." (citation and internal quotation marks omitted)). Because plaintiff never raises this

V.    **Conclusion**

For the reasons explained above, plaintiff's Complaint asserts Title VII claims that are time barred by the statute of limitations. The undisputed summary judgment facts don't present any genuine issue whether equitable tolling applies to make plaintiff's claims timely. Thus, the court grants summary judgment against the Complaint's claims because each one is time-barred. The court grants defendant's Motion to Dismiss (Doc. 6), which the court converts to a Motion for Summary Judgment, because the summary judgment facts present no triable issue whether plaintiff timely filed this lawsuit.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 6), which the court converts to a Motion for Summary Judgment, is granted.

**IT IS SO ORDERED.**

**Dated this 5th day of November, 2021, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**

---

argument, she has waived it. *See United States v. Cooper*, 498 F.3d 1156, 1160 (10th Cir. 2007) (finding appellant's argument "waived" because he "does not raise these arguments in his brief"); *see also Fullen v. City of Salina, Kan.*, No. 21-4010-JAR-TJJ, 2021 WL 4476780, at *13 (D. Kan. Sept. 30, 2021) (declining to consider defendants' arguments because they "waived these arguments by failing to raise them in their opening brief"). But, even if not waived, the summary judgment facts here can't support a finding or inference of any "active deception" by defendant or either of the state or federal agencies who investigated her charge.